## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GOVANI DEJESUS GUERRERO,

      Plaintiff,

v.

HUNTER WARFIELD, INC.,

      Defendant.

CIVIL COMPLAINT

CASE NO.  1:18-cv-04411

DEMAND FOR JURY TRIAL

## COMPLAINT

NOW comes GOVANI DEJESUS GUERRERO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

PARTIES

4.   Plaintiff is a 24 year-old consumer residing in the Northern District of Illinois.

5.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6.   Defendant provides revenue recovery services[1] from its headquarters located at 4620 Woodland Corporate Boulevard, Tampa, Florida.  Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

7.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action

FACTS SUPPORTING CAUSES OF ACTION

9.   From January 2016 through December 2017 Plaintiff was under a residential lease with The Residences at 1450 ("The Residences") in Mount Prospect, Illinois.

10.   As part of the terms his residential lease with the Residences, Plaintiff placed a refundable security deposit through SureDeposit.

11.   Upon the expiration of his residential lease, Plaintiff moved out of The Residences.

12.   Due to a clerical error, both The Residences and SureDeposit asserted that Plaintiff owed an outstanding consumer obligation after the expiration of his lease.

13.   Upon information and belief SureDeposit turned the collection of the subject consumer debt over to Defendant while it was allegedly in default.

14.   Plaintiff disputes owing the subject consumer debt, which he has translated to Defendant.

---

[1] http://ww2.hunterwarfield.com/about.aspx

15. On or around February 7, 2018 Defendant caused to be sent to Plaintiff a collection correspondence seeking payment of the subject debt.

16. Defendant identified itself as a debt collector that was attempting to collect a debt on the collection correspondence.

17. The collection correspondence included a heading which stated, "AMOUNT DUE $", with a following blank space.

18. The first sentence of the collection correspondence stated, "Please be advised that your delinquency in the amount of $ which is owed to our client, SUREDEPOSIT, is outstanding."

19. The collection went on to demand that Plaintiff remit payment in full to Defendant.

20. Nowhere in the collection correspondence did Defendant state how much Plaintiff allegedly owed for the subject consumer debt.

21. Confused over the collection letter and Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in decreased assets.

22. Plaintiff has been unfairly mislead and confused regarding the amount of the subject consumer debt as well as Defendant's ability to collect from him

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2006.[2]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

---

[2] http://www.acainternational.org/search#memberdirectory

#### a. Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status or any debt." 15 U.S.C §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §1692e, e(2)(A) and e(10) when it used false and deceptive means to collect or attempt to collect the subject consumer debt. Defendant's collection correspondence sought to collect a debt with an unspecified amount. At two different places in the collection correspondence Defendant left blank a notation which should have contained material information. Plaintiff was already dubious about his liability on the subject consumer debt stemming from the error with The Residences and SureDeposit. Defendant's conduct served to unfairly exacerbate this confusion.

29. Despite seeking payment, Defendant misstated the character and amount of the subject consumer debt in the collection correspondence. As an unsophisticated consumer, Plaintiff was deprived of material information need to evaluate his rights.

#### b. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by withholding critical information, the amount allegedly owed. Defendant unfairly

attempted to gain an advantage over Defendant by sending false and incomplete correspondences to him.

32. As plead in paragraphs 21 and 22, Plaintiff has suffered damages due to Defendant's conduct.

WHEREFORE, Plaintiff, GOVANI DEJESUS GUERRERO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: June 25, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Illinois    Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 568-3056 (phone)                            (630) 581-5858 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com